UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARTURO MUJICA,

        Petitioner,

- against -

MARK ROYCE,

        Respondent.
------------------------------------------------------------------X

**MEMORANDUM &
ORDER**
19-CV-5169 (RRM) (LB)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

    Arturo Mujica, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Mujica requested that the Court stay his petition so that he might present certain unexhausted claims in state court. (Petition (Doc. No. 1) at 20.)[1] Respondent joined in that request. (Doc. No. 5.) In an Order issued on November 22, 2019, the Court denied Mujica's motion to stay his petition and directed Mujica to inform the Court as to whether he would prefer that (1) the petition be deemed amended to excise his unexhausted grounds, or (2) the Court dismiss his petition without prejudice. (Order Denying Stay (Doc. No. 6) at 1.) Mujica now requests reconsideration on his request for a stay. (Letter Requesting Reargument (Doc. No. 7) at 1.) In the alternative, Mujica requests that his petition be amended to excise the unexhausted claims. (*Id.*) Respondent takes no position on Mujica's requests for reconsideration and amendment. (Letter by Mark Royce (Doc. No. 8) at 1.)

    Mujica's motion for reconsideration with respect to his motion for a stay is denied. Mujica now cites his inability to speak or understand English as good cause for his failure to exhaust his state court remedies. Mujica did not raise this argument when requesting a stay. It is well established that a motion for reargument or reconsideration may not be used to "assert new

---

[1] All page numbers correspond to ECF pagination.

arguments or claims which were not before the court on the original motion." *Gondola v. City of New York*, No. 16-CV-369 (AMD) (SJB), 2020 WL 1433874, at *7 (E.D.N.Y. Mar. 24, 2020) (*quoting In re Currency Conversion Fee Antitrust Litig.*, No. M 21-95, 2010 WL 2033811, at *1 (S.D.N.Y. May 21, 2010)).  Further, even if Mujica had raised his language barrier in his original petition, it would not excuse his failure to exhaust his state court remedies.  *See Lopez v. Rudek*, 488 Fed. Appx. 308, 310–11 (10th Cir. 2012), (*citing Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (language barrier not grounds for equitable tolling)); *see also Ali v. O'Brien*, 407 F. Supp. 2d 345, 350 (D. Mass. 2005) (finding petitioner failed to demonstrate good cause for failure to exhaust where he asserted "significant lack of communication" and "an insurmountable language barrier" between petitioner and appellate counsel).  Accordingly, Mujica's motion is denied.

      Consistent with this Court's Order on November 22, 2019, Mujica's motion to amend his petition to excise the unexhausted grounds is granted.  Respondent is directed to show cause before this Court within sixty (60) days of this Order, by the filing of a return to the petition, why a writ of habeas corpus should not be issued on the remaining exhausted grounds.  Respondent shall serve a copy of the return on Petitioner herein and file the original thereof with the Court, together with proof of service.  Respondent shall electronically file the State Court Record.  Petitioner, within twenty-one (21) days of receipt of a copy of the return, shall file his or her reply, if any, with the Court.  Respondent is directed to mail a copy of this Order and the docket sheet to the pro se Petitioner and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      August 6, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge