UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARTURO MUJICA,

                Petitioner,                         **REPORT AND RECOMMENDATION**

     -against-

                                                              19-CV-05169(WFK)(JMW)

MARK ROYCE,

                Respondent.
------------------------------------------------------------X

**WICKS,** Magistrate Judge:

      Petitioner Arturo Mujica ("Petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in the Supreme Court of the State of New York, County of Kings. He was convicted of multiple crimes of sexual misconduct of minors, to wit, Course of Sexual Conduct Against a Child in the First Degree, Course of Sexual Conduct Against a Child in the Second Degree, twenty-four counts of Criminal Sexual Act in Second Degree, six counts of Sexual Abuse in the Second Degree, and Endangering the Welfare of a Child. (DE 1.) On April 7, 2014, the Hon. William Harrington sentenced Petitioner to a total of 32 years in prison with 8 years post-release supervision. (DE 12-3, at page ID 2830-44.) The sentence ran as follows: 25 years for the first-degree course of sexual conduct against a child, with 5 years of post-release supervision; seven years for the second-degree course of sexual conduct against a child, with 3 years of post-release supervision, to run *consecutively* to the sentence for first degree crime; 2 years for each count of criminal sexual act in the second degree, to run *concurrently* with one another and with the sentences for course of sexual conduct against a child in the first and second degrees, with 10 years' post-release supervision; and a sentence of one-year each for all of the misdemeanors,

1

including the six counts of second-degree sexual abuse and endangering the welfare of a child, to run *concurrently* to each other and to the other sentences, for a total aggregate sentence of 32 years. *Id.*

In his petition, Petitioner raises the following four grounds:

(1) The State failed to prove his guilt beyond a reasonable doubt, and the verdict was against the weight of the evidence;

(2) The thirty counts in the indictment for a single act of sexual abuse in a several-month period were duplicitous in light of testimony from complainant;

(3) The 32-year prison sentence was excessively harsh – violating due process by punishing him for exercising constitutional choice; and,

(4) Ineffective assistance of counsel for failure to advise him about sentencing exposure, and failure to advise him to reject or accept a plea. [1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Prior to jury selection, a plea discussion was held at which Petitioner turned down an offer of five years in jail for pleading guilty to Course of Sexual Conduct Against a Child in the First Degree. (DE 12, Ex. A, 4-5.) The Court asked Petitioner if he had a chance to discuss the plea with his attorneys and whether he had any questions, to which he responded that he did speak with his attorneys, and he maintained his innocence. (*Id*. at 6.) He also expressed that he would not accept the plea because he feared deportation. (*Id*.) At that point the Court confirmed that Petitioner understood the options available to him, one of which was to accept the plea. (*Id*. at 6-7.) Petitioner again stated that he had an opportunity to speak with his attorneys about the

---

[1] This Court denied Petitioner's request for this action to be stayed to permit him to exhaust grounds 5-9 (which he conceded were not exhausted) and directed Petitioner to advise the Court whether he preferred that the petition be deemed amended to excise his unexhausted grounds, or that the Court dismiss his petition without prejudice. (DE 6.) Petitioner then moved for reconsideration and alternatively, requested the Court to deem his petition amended to excise the unexhausted claims. (DE 7.) This Court denied the motion for reconsideration and granted the request to excise grounds 5-9 of the petition. (DE 9.) Accordingly, only grounds 1-4 are before the Court.

2

"official consequences" if he were to be convicted after trial and stated that he chose to continue to trial. *Id*.

At trial, Complainant (Petitioner's daughter), testified that Petitioner first touched her sexually when she was five years old. (DE 12, Ex. B, 31-32.) Complainant described her father touching her over her clothes, proceeding to pull her pajama pants down, and rubbing his penis in between her legs, while his penis touched her buttocks and vagina. (*Id*. at 32-34.) She testified that from June 13, 1999 through January 31, 2001, similar incidents took place every 1-2 weeks. (*Id*. at 36-37.) Between February 1, 2001 through March 14, 2007, Petitioner received and performed oral sex on his daughter. (*Id*. at 40-41.) At some point before she turned 13, Petitioner penetrated his daughter anally. (*Id*. at. 43-44.) She asked him to stop because it hurt really bad, but he did not. (*Id*. at 45.)

Complainant was then questioned about the sexual contact in one-month increments starting from March 15, 2007 through March 14, 2009. (*Id*. at 65-72.) She testified that during each of those increments, Petitioner put his penis between her legs, touched her vagina, butt, and breasts, put his penis in her mouth, and put his mouth on her vagina. (*Id*.) Complainant next testified that from March 15, 2009 through March 14, 2011, when she was 15 through 17 years old, Petitioner put his penis between her legs, touched her vagina, butt, and breasts, put his penis in her mouth, and put his mouth on her vagina. (*Id*. at 72-73.) After this testimony, the Court addressed the defense's duplicitous concerns, and found that there was no "indication in the direct testimony of the complaining witness elicited by the People that there was any duplicitous testimony or anything that would render the counts duplicitous." (*Id*. at 195-96.) After further oral argument on the issue of duplicitousness, the Court permitted cross-examine to proceed, and before deliberation the Court instructed the jury that "the first two counts, which are course of

3

sexual conduct in the second and first degrees, respectively, and the last count, endangering the welfare of a child, concern allegations of an ongoing course of conduct; that is to say, multiple occurrences, taking place over the period of time specified in those counts. The remaining counts, counts 3 through 32, each refer to an allegation of a single occurrence taking place within the time period specified in each count." (*Id*. at 195-240, 638.)

Complainant further testified that she did not tell anybody when her father first touched her because she did not understand what was happening. (*Id*. at 35, 39.) After oral sex began, she did not tell anybody because her father told her it would destroy the family since her mother was sick and he would be sent to jail. (*Id*. at 49.) At one point, she told her mom that Petitioner touched her, but she then said that she made it up out of fear of destroying the family. (*Id*. at 52.) In May of 2012, Complainant finally disclosed that she had been sexually abused. (*Id*. at 80.)

The prosecution then presented testimony from medical expert, Stephen Ajl, M.D., who is board certified in General Pediatrics and Child Abuse Pediatrics. He is also the Director of the Pediatric Ambulatory Center at Brooklyn Hospital Center, the Jane Barker Brooklyn Child Advocacy Center, and the Staten Island Advocacy Center (*Id*. at 309, 312.) Dr. Ajl explained that in an evaluation of child sexual or physical abuse, sexual abuse does not always require penetrative acts. (*Id*. at 317.) He testified that Complainant was examined at the Child Advocacy Center where a medical history was taken and an external examination was conducted. (*Id*. at 318-19.) Dr. Ajl testified that Complainant's examination was normal, but that sexual abuse does not require actual penetrative acts or physical findings upon exam. (*Id*. at 321-22, 324-28.) The prosecution also produced medical expert, Anne Meltzer, Ph.D., a child psychologist who specializes in child sexual abuse, who explained the various reasons why

4

sexually abused children do not typically come forward about their abuse, and how it was not uncommon for long-term sexual abuse victims to blend details. (*Id*. 348, 357-77.)

The Petitioner took the stand. The defense presented testimony from Petitioner, wherein he stated that during the relevant time periods, he would leave home to go to work at 5:00 AM and would never return before 6:00 PM. (*Id*. at 501-02.) Petitioner's sister-in-law testified that she lived with the family and that she never observed any sexual abuse between Petitioner and Complainant. (*Id*. at 464, 472.) The defense also presented testimony form Petitioner's wife regarding the small size of the apartment. (*Id*. at 395-98.)

At the completion of trial, the jury returned a verdict finding Petitioner guilty of Course of Sexual Conduct Against a Child in the first degree, Course of Sexual Conduct Against a Child in the second degree, twenty-four counts of Criminal Sexual Act in second degree, six counts of Sexual Abuse in the second degree, and Endangering the Welfare of a Child. *Id*. at 709-17. He was sentenced to 25 years in prison with 8 years post-release supervision. (DE 12, Ex. C.)

The Petitioner pursued an appeal in the state court system, on the grounds that: 1) the People had failed to prove his guilt beyond a reasonable doubt and the verdict was against the weight of the evidence; 2) the testimony of the victim rendered certain counts of the indictment duplicitous; and 3) his sentence was excessive because the consecutive terms of imprisonment he received after trial were much greater than the plea bargain he had been offered before trial. (DE 12, Ex. D.) The Appellate Division unanimously affirmed his judgment of conviction. *People v. Mujica*, 146 A.D.3d 902, 45 N.Y.S.3d 522 (2d Dep't 2017). (DE 12, Ex. F.) The Court of Appeals thereafter denied Petitioner's motion for leave to appeal the Appellate Division's decision and order on June 20, 2017. *People v. Mujica*, 29 N.Y.3d 1083, 86 N.E.3d 260, 64 N.Y.S.3d 173 (2017).

5

Petitioner also pursued a motion in state supreme court under N.Y. Crim. Proc. Law 440.10(1) (McKinney 2021), to vacate his judgment of conviction, claiming that his trial attorney was ineffective for failing to advise him, at the time he was offered a plea bargain, of the potential sentencing he faced if convicted after trial. (DE 12, Ex. G.) On December 11, 2018, the Supreme Court, Kings County, denied the motion. *People v. Mujica*, Index No. 3972/2012 (Sup. Ct. Kings County 2018). On April 8, 2019, the Appellate Division, Second Department denied Petitioner's application for leave to appeal to the Appellate Division regarding December 11, 2018 order. (DE 11, ¶ 14, (citing Mastro, J.).)

On September 6, 2019, Petitioner filed this application for a writ of habeas corpus in this Court based on the grounds stated above.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for a writ of habeas corpus by a person in custody resulting from a State Court judgment may only be brought on the grounds that his custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To obtain habeas relief, a petitioner must demonstrate that he has: "(1) exhausted his potential state remedies; (2) asserted his claims in state appeals such that they are not procedurally barred from federal habeas review; and (3) satisfied the deferential standard of review set forth in the [AEDPA], if his appeals were decided on the merits." *Edwards v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 365–66 (E.D.N.Y. 2013) (citation omitted).

Section 2254's exhaustion requirement, which states that a writ "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the [s]tate," 28 U.S.C. § 2254(b)(1), "ensures that state prisoners present their constitutional claims

6

to the state courts in the first instance," *Jackson v. Conway*, 763 F.3d 115, 132 (2d Cir. 2014) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).  Exhaustion requires that a petitioner have had "fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts." *Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001) (internal quotations and citation omitted).  It is well-settled that petitioners need not "cit[e] book and verse on the federal constitution" to fairly present a federal claim. *Picard v. Connor*, 404 U.S. 270, 278 (1971).  Rather, the inquiry is whether the petitioner's state court claim was likely to have alerted the court as to the claim's federal nature. *Jackson*, 763 F.3d 115, 133 (2d Cir. 2014) (citing *Carajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011)).

Apart from Section 2254's exhaustion requirement, "'federal courts will not review questions of federal law presented in a habeas petition application when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment.'" *Occhione v. Capra*, 113 F. Supp. 3d 611, 625 (E.D.N.Y. 2015) (quoting *Cone v. Bell*, 556 U.S. 449, 465 (2009)).  A state court's actual and explicit reliance upon a procedural defect to dispose of a claim constitutes an "adequate and independent state ground" for the judgment, precluding federal habeas review. *Harris v. Reed*, 489 U.S. 255, 260 (1989).  This bar, however, is not absolute—a petitioner may overcome it by "show[ing] cause for the default and prejudice, or [by] demonstrat[ing] that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually innocent)." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  "To show cause, the petitioner must demonstrate that an external factor 'impeded counsel's efforts' to raise the claim in state court," *Cutts v. Miller*, 19-cv-10721 (LJL), 2021 WL 242891, at *5 (S.D.N.Y. Jan. 25, 2021) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986), while "[p]rejudice requires a

7

'reasonable probability' that the outcome of the trial would have been different but for the alleged constitutional violation." *Id.* (quoting *Strickler v. Greene*, 527 U.S. 263, 289 (1999)). And to show a miscarriage of justice, the petitioner must make the "truly extraordinary" showing that, due to the alleged constitutional violation, petitioner is actually innocent. *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019) (noting that a "petitioner's burden in making a gateway showing of actual innocence is deliberately demanding) (internal quotation marks and citation omitted).

In cases where a state court reaches the merits of a claim asserted in a Section 2254 habeas petition, the AEDPA confers a significant degree of deference to the state court's decision. *See* 28 U.S.C. § 2254(d); *Licausi v. Griffin*, 460 F. Supp. 3d 242, 257 (E.D.N.Y. 2020) ("Title 28 U.S.C. § 2254, as amended by the AEDPA, imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citation omitted). As such, the state court's decision must be either "'contrary to, or involved an unreasonable application of, clearly established [f]ederal law' or 'based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding'" to warrant federal intercession. *Wright v. U. PO*, 10-cv-5127 (MKB), 2021 WL 2779451, at *8 (E.D.N.Y. July 2, 2021) (quoting 28 U.S.C. § 2254(d)(1)(2)).

"Clearly established federal law" refers to Supreme Court holdings—*as opposed to dicta*—in effect at the time of the relevant state court decision. *Johnson v. New York*, 851 F. Supp. 2d 713, 721 (S.D.N.Y. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "A decision is 'contrary to' clearly established federal law 'if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'"

8

*Licausi*, 460 F. Supp. 3d at 257 (brackets and citation omitted). "An 'unreasonable application' of clearly established federal law occurs 'if a state court "identifies the correct governing legal principles from the Supreme Court's decision but unreasonably applies that principle to the facts of a prisoner's case."'" *Id.* (brackets and citation omitted). Even erroneous state court decisions, if deemed reasonable, will survive habeas review. *Williams*, 529 U.S. at 411. Instead, "a federal court may reverse a state court ruling only where it was 'so lacking in justification that there [is no] possibility for fairminded disagreement.'" *Johnson*, 851 F. Supp. 2d at 721 (quoting *Vega v. Walsh*, 669 F.3d 123, 126 (2d Cir. 2012)).

Notably, petitions by *pro se* litigants "are held to less stringent standards than formal pleadings drafted by lawyers." *Licausi*, 460 F. Supp. 3d at 260. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks, emphasis, and citation omitted). Despite the elevated degree of solicitude afforded to *pro se* litigants, "even a litigant representing himself is obliged to set out identifiable arguments in his principle brief." *Ho-Shing v. Budd*, 771 F. App'x 79, 90 (2d Cir. 2019) (citation omitted) (summary order). [2]

### III. DISCUSSION

Even affording the petition the liberal treatment afforded to *pro se* pleadings, none of Petitioner's claims before this Court support habeas relief. Each of these claims is procedurally

---

[2] Because this matter involves a conviction for the sexual abuse of a minor, the Court reviewed the Petition with the "required[ed] particular scrutiny, notwithstanding that the same rules apply to this class of cases as to all others." *Taus v. Senkowski*, 293 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) citing *Lindstadt v. Keane*, 239 F.3d 191 (2d Cir. 2001); *Eze v. Senkowski*, 321 F.2d 110 (2d Cir. 2003); *Jelinek v. Costello*, 247 F. Supp. 2d 211 (E.D.N.Y. 2003) (all addressing the special problems arising in child sexual abuse cases).

9

barred, substantively without merit, and/or none represent a procedure or decision that was contrary to, or an unreasonable application of, clearly established federal law. Accordingly, the undersigned respectfully recommends to the District Judge that Petitioner's application for a writ of habeas corpus be denied.

### A. GROUND ONE: *Petitioner's Claim that the State Failed to Prove Appellant's Guilt Beyond a Reasonable Doubt, and the Verdict was Against the Weight of the Evidence*

#### i. Guilt Beyond a Reasonable Doubt

To the degree Petitioner claims that his guilt was not proven beyond a reasonable doubt, the relevant question for this court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Petitioner "bears a very heavy burden" when challenging the legal sufficiency of the evidence in a state criminal conviction. *Einaugler v. Supreme Court*, 109 F.3d 836, 840 (2d Cir. 1997) (citation and internal quotation marks omitted). "Even when 'faced with a record of historical facts that supports conflicting inferences [a court] must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Guerrero v. Payant*, No. 08-CV-03062, 2010 WL 2545818 (JFB), at *10 (E.D.N.Y. June 21, 2010) (citing *Wheel v. Robinson*, 34 F.3d 60, 66 (2d Cir. 1994) quoting *Jackson*, 443 U.S. at 326).

Petitioner was charged under the following sections of the New York Penal Law:

*§ 130.75(1)(b):* A person is guilty of Course of Sexual Conduct Against a Child in the First Degree, if over a period of time not less than three months in duration, he or she, being eighteen years old or more, engages in two or more acts of sexual conduct, which include at least

10

one act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual conduct, with a child less than thirteen years old;

*§ 130.80(1)(a):* A person is guilty of Course of Sexual Conduct Against a Child in the Second Degree, if over a period of time not less than three months in duration, he or she engages in two or more acts of sexual conduct with a child less than eleven years old;

*§ 130.45(1):* A person is guilty of Sexual Criminal Act in The Second Degree when being eighteen years old or more, he or she engages in oral sexual conduct or anal sexual conduct with another person less than fifteen years old;

*§ 130.60(2):* A person is guilty of Sexual Abuse in the Second Degree when he or she subjects another person to sexual contact and when such other person is less than fourteen years old; and,

*§ 260.10(1):* A person is guilty of Endangering the Welfare of a Child when he or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his life or her life or health.

Here, viewing the testimony elicited at trial in the light most favorable to the prosecution, including the testimony of Complainant, Petitioner's daughter, the testimony of the two medical experts, the testimony of Petitioner's wife, the testimony of Petitioner's sister-in-law, and Petitioner's own testimony (DE 12, Ex. B), a rational jury could have found proof of Petitioner's guilt beyond a reasonable doubt as to each element of the crimes Petitioner was convicted of.

The prosecution presented graphic, detailed, testimony at trial from the victim, Petitioner's daughter, regarding the instances of sexual abuse, starting when she was five years old. (DE 12, Ex. B, 31-80.)  The prosecution also presented testimony from medical expert,

11

Stephen Ajl, M.D., who explained that sexual abuse does not require actual penetrative acts or physical findings upon exam, and medical expert, Anne Meltzer, Ph.D., who explained why sexually abused children do not typically come forward about their abuse, and how long-term sexual abuse may result in details blending together. (*Id* at. 308-336, 347-377.) The jury also heard Petitioner's testimony about his work hours, Petitioner's wife's testimony about the small size of the apartment, and Petitioner's sister-in-law's testimony about never seeing any sort of sexual contact between Petitioner and his daughter. (*Id*. at 501-02, 395-98, 464-472.) This evidence, viewed in the light most favorable to the prosecution, supports the jury's finding of the essential elements of the crimes beyond a reasonable doubt. Accordingly, Petitioner's claim that he should be afforded habeas relief because the prosecution failed to prove his guilt beyond a reasonable doubt should be denied. The state court's finding that the evidence was more than sufficient to convict Petitioner was neither contrary to, nor an unreasonable application of, clearly established federal law. And in light of the evidence adduced at trial, it was not an unreasonable determination by the jury.

    **ii.**    **Weight of the Evidence**

If a state court concludes that a claim is procedurally barred then the federal habeas court may not review it, even if the state court alternatively rejected the claim on the merits. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision). N.Y. Crim. Proc. Law § 470.05(2) (McKinney 2021) -- referred to as the "contemporaneous objection" rule -- "is an adequate and independent state law ground to bar review of Appellant's constitutional claim." *Gainey v. Conway*, 459 F. App'x 57, 58 (2d Cir. 2012). Here, the Appellate Division found that Plaintiff's claim on Ground One,

12

regarding the weight of the evidence, was not preserved for appellate review pursuant to § 470.05(2). (DE 12-6, at page ID 2974-75.) Thus, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Petitioner has not shown cause for his default. "Attorney ignorance or inadvertence is not cause 'because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753 (citation and internal quotation marks omitted). Since Petitioner has not established cause for the default, the Court need not determine whether actual prejudice exists.

Nor has Petitioner demonstrated that failure to consider the federal claim will result in a fundamental miscarriage of justice. "A fundamental miscarriage of justice occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Alcock v. Spitzer*, 349 F.Supp.2d 630, 636 (E.D.N.Y. Dec. 21, 2004) (citation and quotation omitted). To establish a fundamental miscarriage of justice, Petitioner would need to raise sufficient doubt as to his "guilt to undermine confidence in the result of the trial without the assurance that that trial was untainted by constitutional error." *House v. Bell*, 547 U.S. 518, 537 (2006) (citation and quotation omitted). To sustain a claim of actual innocence, a petitioner must put forth "new reliable evidence . . . that was not presented at trial." *Brunson v. Tracy*, 378 F.Supp.2d 100, 107 (E.D.N.Y. Mar. 2, 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Here, Petitioner has not met this burden because he has not submitted any new reliable evidence that was not presented at trial.

Petitioner's claim that the verdict was against the weight of the evidence is also procedurally barred because the claim is not cognizable on federal habeas review. *McKinnon v. Superintendent, Great Meadow Correctional Facility*, 355 Fed. Appx. 469, 475 (2d Cir. 2009) ("the argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus"); *Correa v. Duncan*, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001).

## B. GROUND TWO: *The Thirty Counts in the Indictment for a Single Act of Sexual Abuse in a Several Month Period Were Duplicitous in Light of Testimony from Complainant*

Petitioner asserts that the thirty counts in the indictment for a single act of sexual abuse in a several month period were duplicitous in light of the testimony at trial. This claim is not cognizable on habeas review. N.Y. Crim. Proc. Law § 200.30(1) (McKinney 2021) states that "[e]ach count of an indictment may charge one offense only." "Such state law requirements cannot be considered by federal courts on habeas review." *Watson v. DHS/ICE*, No. 15-CV-4173 (DLI), 2019 WL 1473083, at *10 (E.D.N.Y Mar. 31, 2019) quoting *Jones v. Lee*, No. 10-CV-7915 (SAS), 2013 WL 3514436, at *7 (S.D.N.Y. July 12, 2013) (citing 28 U.S.C. § 2254(a)).

> However, the Supreme Court has outlined two requirements that an indictment must meet to be constitutionally sufficient: 'first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions of the same offense.

*Watson*, 2019 WL 1473083, at *10 (citations and quotations omitted).

Because Petitioner did not raise either constitutional claim on his appeal to the Appellate Division, he cannot proceed on these unexhausted claims, which are subject to the procedural

14

bar, as Petitioner has failed to demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In state court, Petitioner instead raised the federal constitutional argument that the allegedly duplicitous counts deprived him of his right to a fair trial and of his Sixth Amendment right to present a defense. (DE 12, Ex. D.) The Appellate Division held that, "Because each count of criminal sexual act in the second degree and sexual abuse in the second degree was premised upon a single act occurring within a specified period of time, and was supported by the victim's testimony as to each such act, reversal of his conviction of those counts is not warranted on the ground of duplicitousness." (DE 12, Ex. F.)

Under the deferential standard of review, Petitioner must show that the state court's decision was either 'contrary to, or involved an unreasonable application of, clearly established [f]ederal law' or was 'based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding'" to warrant federal intercession. *Wright*, 2021 WL 2779451, at *8. The purported duplicitous issue was extensively briefed, argued, and addressed during the trial, including during jury instructions. (DE 12, Ex. B, 195-240, 638.) The Court expressly instructed the jury that counts 3 through 32 "refer to an allegation of a single occurrence taking place within the time-period specified in each count" (DE 12, Ex. B, 638.) Under the AEDPA's deferential standard, the state court's holding that the thirty counts in the indictment for a single act of sexual abuse in a several month-period were not duplicitous in light of the testimony, was not an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented.

15

### C. GROUND THREE: *The 32-Year Prison Sentence was Excessively Harsh – Violating Due Process by Punishing Petitioner for Exercising Constitutional Choice*

#### i. Punished for Exercising Right to Jury Trial Rather Than Accepting Plea Offer

Petitioner's claim that the sentence imposed was punishment for exercising his right to a trial rather than accepting a plea, was unpreserved for appellate review. (DE 12, Ex. F.) Thus, federal habeas review of that claim is procedurally barred for the same reasons set forth regarding Petitioner's Ground One claim in Section III. A. ii., *supra*.

#### ii. Excessively Harsh Prison Sentence

Petitioner's claim that the 32-year prison sentence was excessively harsh fails because such a claim is barred from federal habeas review as it does not present a federal constitutional issue if the sentence is within the range prescribed by state law. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). "It is well settled that an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law." *Cardova v. Lavalley*, 123 F. Supp.3d 387, 398 (E.D.N.Y. 2015) (citations and quotation omitted). Here, Petitioner was convicted (among other crimes) of first- and second- degree courses of sexual conduct against a child, which are class B and D felony sex offenses, respectively. *See* N.Y. Penal Law §§ 130.75(1)(b) (McKinney 2021); N.Y. Penal Law § 130.80(1)(a) (McKinney 2021). Under N.Y. Penal Law §§ 70.80[4][a][i], [iii] [2012] (McKinney 2021), the statutory guidelines for a class B felony is a term of at least five years and must not exceed twenty-five years, and the statutory guidelines for a class C felony is a term of at least two years and must not exceed seven years. Therefore, "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law. *White*, 969

16

F.2d 1381, 1383 (citing *Underwood v. Kelly*, 692 F.Supp. 146 (E.D.N.Y. 1988), *aff'd mem.*, 875 F.2d 857 (2d Cir. 1989).

### D. GROUND FOUR: *Ineffective Assistance of Counsel for Failure to Advise Defendant About Sentencing Exposure, and Failure to Advise Defendant to Reject or Accept Plea.*

Pursuant to N.Y. Crim Proc. Law § 440.10 (McKinney 2021), Petitioner raised claims of ineffective assistance of counsel for failure to advise him about sentencing exposure, and failure to advise him as to rejecting or accepting a plea. (DE 12, Ex. G.) The state supreme court found that "defendant's claim that his attorneys failed to advise him of the potential consequences of being convicted after trial is both contradicted by the court record, and made solely by the defendant and unsupported by other evidence." (DE 12, Ex. I, at 6.) The state supreme court further held that "even if the Court accepted the defendant's unsupported claim that his attorneys did not advise him of the possible sentencing range after trial, there is no evidence – other than the defendant's own say-so – that if he had been so advised he would have pleaded guilty." (*Id.*)

Under the deferential standard of habeas review, Petitioner must show that the state court's decision was either 'contrary to, or involved an unreasonable application of, clearly established [f]ederal law' or 'based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding'" to warrant federal intercession. *Wright*, 2021 WL 2779451, at *8. Upon this Court's review of the preliminaries transcript (DE 12, Ex. A) and the sentencing transcript (DE 12, Ex. C), the record clearly demonstrates that prior to commencement of jury selection, right through the day of his sentencing, Petitioner maintained that he was innocent, and he expressed he would also not consider a plea for fear of deportation. (DE 12, Ex. A, 4-7.) Petitioner repeatedly stated that he had a chance to speak with his counsel,

17

and expressly affirmed that he had the opportunity to talk with his attorneys about the official consequences if he were to be convicted after trial. (*Id.*) Accordingly, the state supreme court's factual determination was not an unreasonable determination of the facts.

Nor was the state Supreme Court's decision contrary to, or an unreasonable application of, clearly established federal law. "Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial." *Harrington v. Richter*, 562 U.S. 86, 110 (2011). A defendant claiming ineffective assistance of counsel must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). For similar reasons, *i.e.*, Petitioner persistently maintained that he was innocent up until the moment he was sentenced and was in fear of deportation, the state supreme court's finding that there was no reasonable possibility that Petitioner would have accepted the plea offer, was not contrary or an unreasonable application of the governing law. Therefore, Petitioner's claims for ineffective assistance of counsel fails.

## IV. CONCLUSION

The Court has considered all of Petitioner's arguments and finds them procedurally barred, not cognizable under habeas review, and/or meritless. Thus, the undersigned respectfully recommends that Petitioner's application for a writ of habeas corpus be denied in its entirety. In addition, it is recommended that a certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights. *See* 28 U.S.C. § 2253(c)(2). It is further recommended that for purposes of an appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying

this petition would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

A copy of this Report and Recommendation is being electronically served on counsel for Respondent. In light of the below time constraints, and the fact that Petitioner is incarcerated, the Clerk of the Court is directed to send this Report and Recommendation to Petitioner via overnight mail. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir.2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
      August 11, 2021

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge