```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ARTURO MUJICA,                                      :
                                                    :
              Petitioner,                           :
     v.                                             :     ORDER
                                                    :     19-CV-5169 (WFK) (JMW)
                                                    :
MARK ROYCE,                                         :
                                                    :
              Respondent.                           :
------------------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 6, 2019, Arturo Mujica ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition") challenging his conviction of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, twenty-four counts of criminal sexual act in the second degree, six counts of sexual abuse in the second degree, and endangering the welfare of a child. ECF No. 1. This Court referred the Petition to Magistrate Judge James M. Wicks for a Report and Recommendation ("R&R"), which Judge Wicks issued on August 11, 2021. ECF No. 16. Petitioner filed objections to the R&R on January 18, 2022. ECF No. 27. For the following reasons, the Court OVERRULES Petitioner's objections, ADOPTS the R&R, and DISMISSES the Petition.

## BACKGROUND

On September 6, 2019, Arturo Mujica ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). ECF No. 1. On July 14, 2021, Petitioner's case was reassigned from Judge Roslynn R. Mauskopf to this Court. That same day, this Court referred the Petition to Magistrate Judge James M. Wicks for a Report and Recommendation. *See* July 14, 2021 Dkt. Entry.

On August 11, 2021, Judge Wicks issued a comprehensive and detailed Report and Recommendation recommending the Petition be denied and no certificate of appealability be issued. Report & Recommendation ("R&R"), ECF No. 16. After Petitioner failed to object within two weeks of the R&R's issuance, this Court adopted the R&R in its entirety and ordered this case closed. ECF No. 17. However, on August 26, 2021, Petitioner filed a motion

1

requesting an extension of 90 days to file objections to the R&R. ECF No. 18. On September 7, 2021, the Court granted Defendant's Motion, vacated its Order adopting the R&R, and granted Petitioner an extension to file objections. ECF No. 20. The Court subsequently granted Petitioner an additional extension, ECF No. 25, and on January 18, 2022, Petitioner filed objections to the R&R. ECF No. 27.

For the reasons set forth below, the Court overrules Petitioner's objections and adopts the conclusions of the R&R. The Court assumes the parties' familiarity with the facts underlying the Petition, the history of Petitioner's trial and direct appeal, and the contents of the R&R, to which the Court refers only as necessary to explain its decision.

## DISCUSSION

i.  Summary of the Case

On April 27, 2014, following a jury trial, Petitioner was convicted of multiple crimes of sexual misconduct of minors, including course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, twenty-four counts of criminal sexual act in the second degree, six counts of sexual abuse in the second degree, and endangering the welfare of a child. Trial Tr., ECF No. 12-2, at 709-13; R&R at 1. The trial court sentenced Petitioner to a total of 32 years in prison with 8 years post-release supervision. Sentencing Tr., ECF No. 12-3; R&R at 1. The appellate division affirmed Petitioner's judgment of conviction. *People v. Mujica*, 146 A.D.3d 902, 903 (2d Dep't 2017). On June 20, 2017, the New York Court of Appeals denied Petitioner's Motion for leave to appeal the appellate division's decision and order. *People v. Mujica*, 29 N.Y.3d 1083 (2017).

ii. Legal Standards

    a.  <u>Review of a Magistrate Judge's Report and Recommendation</u>

When a magistrate judge has issued an R&R and a party "makes specific and timely written objections," a district court is to review *de novo* "those portions of the report ... to which objection is made." *Reyes v. LaValley*, 10-CV-2524, 2013 WL 4852313, at *1 (E.D.N.Y. Sept. 10, 2013) (Matsumoto, J.) (quoting 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3)). "The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *Id.* (internal citation omitted). But "where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," the standard of review is clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (Holwell, J.) (internal citation and quotation marks omitted). Upon reviewing the R&R, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

      b. <u>Federal Review of State Convictions</u>

A federal court's review of a habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. This statute "authorizes a federal court to grant a writ only where a state holds a petitioner in its custody in violation of 'the Constitution or laws or treaties of the United States.'" *Word v. Lord*, 648 F.3d 129, 131 (2d Cir. 2011) (quoting 28 U.S.C. § 2254(a)). In accordance with AEDPA, when a petitioner's claims have been rejected on the merits by a state court, the reviewing court "may grant a writ of habeas corpus only if that decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or if the decision 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Chisholm v. Uhler*, 16-CV-5394, 2022 WL 2758366,

at *3 (E.D.N.Y. July 14, 2022) (Kuntz, J.) (quoting 28 U.S.C. § 2254(d)); *Harrington v. Richter*, 562 U.S. 86, 97–98 (2011). Judicial review under the "unreasonable application" prong is "extremely deferential," and a "'state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision.'" *Chisholm*, 2022 WL 2758366, at *3 (quoting *Chrysler v. Guiney*, 806 F.3d 104, 118 (2d Cir. 2015)).

This deferential standard is even higher for habeas petitions alleging ineffective assistance of counsel. To prevail on such a claim, a petitioner must (1) show that counsel's performance was so deficient as to fall below "an objective standard of reasonableness"; and (2) establish prejudice by demonstrating a "reasonable possibility" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In the context of a habeas petition pursuant to 28 U.S.C. § 2254, "[e]stablishing that a state court's application of Strickland was unreasonable ... is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal citations omitted). Therefore, "[t]he operative question" is "not whether [the] federal court believes the state court's determination was incorrect, but rather whether that determination was objectively unreasonable." *Waiters v. Lee*, 857 F.3d 466, 478 (2d Cir. 2017) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)) (internal marks omitted).

    iii.    Application

The Petition raises four grounds for relief: (1) the State failed to prove Petitioner's guilt beyond a reasonable doubt, and the verdict was against the weight of the evidence; (2) the thirty counts in the Indictment for a single act of sexual abuse in a several-month period were

4

duplicitous in light of testimony from the complainant; (3) the 32-year prison sentence was excessively harsh and thereby violated due process by punishing Petitioner for exercising his constitutional right to a trial; and (4) ineffective assistance of counsel for failure to advise Petitioner about sentencing exposure and failure to advise him to reject or accept a plea. *See generally* Pet.; *see also* R&R at 2.

a. Sufficiency and Weight of the Evidence Claim

The magistrate judge rejected Petitioner's claim that the state failed to prove his guilt beyond a reasonable doubt, finding the evidence presented at trial—including "graphic, detailed" testimony from the victim, as well as testimony from medical experts and Petitioner's family members—supported the jury's finding of Petitioner's guilt. *See* R&R at 10-12. As to Petitioner's claim that the verdict was against the weight of the evidence, the magistrate judge found this claim barred from review because Petitioner procedurally defaulted on it in state court, and because such claims are not cognizable on federal habeas review. *See id.* at 12-14.

Petitioner objects to the standard of review the magistrate judge applied in reviewing Petitioner's sufficiency claim, arguing the standard should have been "the most relaxed tolerant form of particular standard of review." Pet. Obj. at 2 (citing *City of Dallas v. Stanglin*, 490 U.S. 19, 26 (1989)). Additionally, Petitioner argues the magistrate judge conducted an "incomplete review of the trial record" and failed to consider certain pieces of evidence which, Petitioner argues, support a showing of "actual innocence" that would overcome Petitioner's procedural default of his weight-of-the-evidence claim. *Id.* at 3-7.

Petitioner's argument fails. Regarding the standard of review, the case Petitioner cites in support of his argument, *City of Dallas v. Stanglin*, addresses the appropriate level of judicial scrutiny applicable to First Amendment claims—and thus is entirely inapposite to the matter at

5

hand. *See City of Dallas*, 490 U.S. at 21-28. Here, the R&R applied the correct level of deference. While claims of legal insufficiency are cognizable on federal habeas review, *Jackson v. Virginia*, 443 U.S. 307, 316 (1979), petitioners "bear[] a very heavy burden" when bringing such claims. *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002). To succeed on such a claim, a petitioner must show, upon "review [of] the evidence in the light most favorable to the State," "no rational trier of fact could find proof of guilt beyond a reasonable doubt based on the evidence adduced at trial." *Id.* (citing *Jackson*, 443 U.S. at 324). The magistrate judge employed precisely this level of deference in reviewing Petitioner's legal sufficiency claim.

Using this appropriate level of deference, the magistrate judge undertook a thorough and comprehensive review of the trial record and determined "a rational jury could have found proof of Petitioner's guilt beyond a reasonable doubt as to each element of the crimes Petitioner was convicted of." R&R at 11. In reaching this conclusion, the magistrate judge considered all testimony from the victim; the testimony from medical experts Stephen Ajl, M.D. and Anne Meltzer, Ph.D.; the Petitioner's testimony regarding his work hours and the small size of the apartment where the sexual abuse occurred; and Petitioner's sister-in-law's testimony about not seeing sexual contact between Petitioner and the victim. *Id.* at 11-12. The magistrate judge correctly determined that, in light of this record, the state court's finding "that the evidence was more than sufficient to convict Petitioner was neither contrary to, nor an unreasonable application of, clearly established federal law." *Id.* at 12.

Additionally, the magistrate judge did not err by reviewing the Petition with "particular scrutiny" given Petitioner was convicted of sexual abuse of a minor. *See* R&R at 9 n.2 (citing *Taus v. Senkowski*, 293 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) (Weinstein, J.), *aff'd*, 134 F. App'x 468 (2d Cir. 2005) (explaining cases involving the sexual abuse of children, from the

investigatory through the habeas stage, are a "special class of case" "requir[ing] particular scrutiny, notwithstanding that the same rules apply to this class of cases as to all others.")).

Petitioner's objection regarding his weight of the evidence claim also fails. As an initial matter, the magistrate judge conducted a comprehensive review of the trial record in assessing Petitioner's sufficiency claim, thus undercutting Petitioner's argument that the magistrate's review of the record was incomplete. Further, Petitioner fails in his attempt to introduce new evidence, such as Administration for Children's Services ("ACS") records and video surveillance, to argue the magistrate erred in finding Petitioner procedurally defaulted on his weight of the evidence claim. *See* Obj. at 3-7; *Aguilar v. Capra*, 17-CV-7077, 2020 WL 4345729, at *1 (S.D.N.Y. July 29, 2020) (Pauley, J.) ("Ordinarily, a district court will not consider new evidence, case law, or arguments that could have been but were not presented to the magistrate judge."). Most fundamentally, however, Petitioner's weight of the evidence claim fails because such claims are not cognizable on habeas review. *See McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 73 (2d Cir. 2011) (citing cases in support of this proposition).

  b. <u>Duplicitousness Claim</u>

The magistrate judge rejected Petitioner's claim that the thirty counts in the Indictment for a single act of sexual abuse over several months were duplicitous and thus violated his right to a fair trial. The magistrate found this claim unpreserved and not cognizable on habeas review. *See* R&R at 14-15. Petitioner objects to the R&R's review of his duplicitousness claim. Pet. Obj. at 8-9. Liberally construing Petitioner's objection, he appears to argue the magistrate judge failed to consider Plaintiff's duplicitousness claim raises double jeopardy concerns. *Id.* at 9.

7

As an initial matter, the Court notes Petitioner did not raise a double jeopardy argument in his Petition, which typically forecloses review of such an argument at this stage. *See Aguilar*, 2020 WL 4345729, at *1; *Ortiz*, 558 F. Supp. 2d at 451 ("[A] district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate"); *Lenjo v. Lui*, 17-CV-7431, 2018 WL 4954101, at *2 (S.D.N.Y. Oct. 12, 2018) (Pauley, J.) ("[Failure to assert this argument before the magistrate judge is sufficient to foreclose this Court's consideration").

Even setting this issue aside, Plaintiff's objection to the R&R's review of Petitioner's duplicitousness claim is without merit. The magistrate judge correctly ruled that New York's criminal law requirement that each "count of an indictment may charge one offense only" is a "state law requirement[] [that] cannot be considered by federal courts on habeas review." R&R at 14 (citing N.Y. Crim. Proc. Law § 200.30(1) (McKinney 2021); *Watson v. DHS/ICE*, 15-CV-4173, 2019 WL 1473083, at *10 (E.D.N.Y Mar. 31, 2019) (Irizarry, J.)). However, as the magistrate judge correctly noted, there are two requirements an indictment must meet to be constitutionally sufficient: "first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against him which he must defend, and second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions of the same offense." *United States v. Resendiz–Ponce*, 549 U.S. 102, 108 (2007) (alterations in original). Since Petitioner raised neither of these constitutional claims on direct appeal, he is procedurally barred from raising them here. *See* 28 U.S.C. § 2254(b)(1)(A) (explaining a federal court may not grant a habeas petition where the petitioner is in custody pursuant to a judgment of a state court unless the petitioner "has exhausted the remedies available in the courts of the State").

Instead, in state court, Petitioner raised the constitutional argument that the allegedly duplicitous counts deprived him of his right to a fair trial and his Sixth Amendment right to present a defense. *See* ECF No. 12-4. Regarding this argument, the appellate division ruled, "[b]ecause each count of criminal sexual act in the second degree and sexual abuse in the second degree was premised upon a single act occurring within a specified period of time, and was supported by the victim's testimony as to each such act, reversal of his conviction of those counts is not warranted on the ground of duplicitousness." *Mujica*, 146 A.D.3d at 903.

As the appellate division ruled on the merits of Petitioner's claim, Petitioner must show that the court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Harrington*, 562 U.S. at 97–98. Under this deferential standard, Petitioner's claim fails. As the magistrate judge detailed, the "purported duplicitous issue was extensively briefed, argued, and addressed during the trial, including during jury instructions. The Court expressly instructed the jury that counts 3 through 32 'refer to an allegation of a single occurrence taking place within the time-period specified in each count.'" R&R at 15 (citing ECF No. 12-2 at 195-240, 638). Under AEDPA's deferential standard, the state court reasonably could find the Indictment against Petitioner was not duplicitous. Such a finding does not violate federal law or the Constitution and thus is not reviewable in a federal habeas corpus petition.

    c. <u>Excessive Sentence Claim</u>

Petitioner has not objected to the portion of the R&R addressing Petitioner's excessive sentence claim. As such, the Court's review of the R&R is for clear error. *See Ortiz*, 558 F. Supp. 2d at 451. The Court concludes there was none.

9

      d.   Ineffective Assistance of Counsel Claim

Finally, the magistrate judge rejected Petitioner's claims of ineffective assistance of counsel. R&R at 17-18. Deciding Petitioner's N.Y. Crim Proc. Law § 440.10 Motion, the state supreme court found Petitioner's "claim that his attorneys failed to advise him of the potential consequences of being convicted after trial is both contradicted by the court record, and made solely by the [Petitioner] and unsupported by other evidence." ECF No. 12-9 at 7. The magistrate judge found the state supreme court's determination was not contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts. *Id.*

Petitioner objects to the magistrate judge's application of section 2254 deference to the state supreme court's finding. Obj. at 10. In support, Petitioner cites *Fulton v. Graham*, in which the Second Circuit reversed a district court that deferred to a state court's determination that a habeas petitioner failed to preserve his ineffective assistance of counsel claim by not raising it on direct appeal in his state court proceedings. *See* Pet. Obj. at 10 (citing 802 F.3d 257, 260 (2d Cir. 2015)). Petitioner also cites *Card v. Griffin*, a case from this District in which the court ordered an evidentiary hearing in light of the state court's failure to establish certain predicate facts. *See id.* (citing 17-CV-221, 2018 WL 5024174, at *1 (E.D.N.Y. Oct. 17, 2018) (Block, J.)).

Petitioner's objections fail. *Fulton* addressed a case in which the state court, under Section 440.10(2)(c), found a petitioner's ineffective assistance claim procedurally barred because the petitioner brought the claim under Section 440.10 instead of on direct appeal. 802 F.3d at 263. The Second Circuit ruled the district court erred in deferring to the state court's ruling, because "New York courts and those applying New York law routinely conclude that an

10

ineffective assistance claim premised on out-of-court conversations between a defendant and trial counsel—such as Fulton raises here—not only fall outside the scope of the rule, but must be brought in a § 440.10 proceeding. Only in cases in which the trial record clearly reflects the adequacy of counsel's performance has § 440.10(2)(c) been applied to bar federal review." *Id.*

Here, though, the state supreme court did not find Petitioner procedurally defaulted on his ineffective assistance claims. Instead, the state court evaluated the merits of Petitioner's claim, finding his claim was "contradicted by the court record." ECF No. 12-9 at 7. The court explained:

> On January 27, 2014, the record reflects that once the People made their plea offer, the defendant conferred on multiple occasions with his attorneys. After speaking with his attorneys, the defendant rejected the offer and stated that he was innocent and that he did not want to be deported because he had daughters; thereby implying that any plea that required deportation would be unacceptable to him. After he rejected the offer, the Court specifically asked the defendant if he had an opportunity to talk with attorneys about the consequences if he was convicted after trial; the defendant replied "Yes." Finally, the Court asked the defendant if he had any questions for either the Court or his attorneys about the consequences if he was convicted after trial, to which defendant replied, "No." *Id.*

Further, the state court ruled that even if it accepted Petitioner's "unsupported claim that his attorneys did not advise him of the possible sentencing range after trial, there is no evidence – other than the defendant's own say-so – that if he had been so advised he would have pleaded guilty." Again, the state court turned to the record: "on January 27, 2014, the People placed on the record that they were informed by the defendant's attorneys that the defendant was not interested in any offer, a point that neither the defendant or his attorneys disputed." *Id.* The state court also highlighted Petitioner's rejection of the same plea offer in October 2013 and Petitioner's January 2014 statement that he was not going to plead guilty because he was innocent and did not want to be deported. *Id.* at 7-8.

11

Petitioner's citation to *Card v. Griffin* is also inapt. There, the district court determined there was a factual dispute about the plea offered to the petitioner and whether counsel offered any advice on sentencing exposure. *Card*, 2018 WL 5024174, at *1 (finding "a genuine dispute as to what plea deal was available to [the defendant], as well as what advice, if any, [defendant's counsel] rendered about [the defendant's] plea options" and ordering an evidentiary hearing because "the state court did not adequately establish these predicate facts"). Here, there is no dispute as to the plea the state offered Petitioner—in fact, that plea was offered, and rejected, on the record. *See* ECF No. 12-9 at 7. Moreover, Petitioner stated "Yes" when asked if he had an opportunity to talk with his attorneys about the consequences if he were convicted after trial. *Id.*

Contrary to Petitioner's objections, the magistrate judge correctly found Petitioner's ineffective assistance claims unconvincing. As the R&R explains, "the record clearly demonstrates that Petitioner maintained that he was innocent, and he expressed he would also not consider a plea for fear of deportation" and that "Petitioner repeatedly stated that he had a chance to speak with his counsel, and expressly affirmed that he had the opportunity to talk with his attorneys about the official consequences if he were to be convicted after trial." R&R at 17-18. As such, the magistrate judge correctly found the state supreme court's factual determination was not unreasonable.

Moreover, the Court agrees with the magistrate judge that the state supreme court's decision was not contrary to or an unreasonable application of clearly established federal law. To prevail on this argument, Petitioner would have to (1) show that counsel's performance was so deficient as to fall below "an objective standard of reasonableness"; and (2) establish prejudice by demonstrating a "reasonable possibility" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.

In light of Petitioner's consistent claims of innocence and consistent rejection of the state's plea offer, the magistrate judge rightly determined the state court's finding—that there was no reasonable possibility that Petitioner would have accepted the plea offer—was not contrary to or an unreasonable application of the governing law.

## CONCLUSION

For the foregoing reasons, Petitioner's objections are OVERRULED, the R&R is ADOPTED, and the Petition is DENIED in its entirety. A certificate of appealability shall not issue as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Petitioner, enter judgment in favor of Respondent, and close this case.

SO ORDERED.

s/WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 1, 2023
      Brooklyn, New York